IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:09-500-JFA |
|---|---|---|
| v. | ) ) ) | ORDER |
| OTILIO DELGADO | ) ) ) ) | |

The *pro se* defendant, Otilio Delgado, is an inmate with the Federal Bureau of Prisons. He has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255[1] contending that this court did not have jurisdiction over his case and that it did not properly apply the Fair Sentencing Act of 2010 to his sentence.

The government, here the respondent, has filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure asserting that the defendant's § 2255 motion is without merit. The court advised the petitioner in a *Roseboro* order of the importance of his adequate response to the motion for summary judgment and the petitioner responded in opposition. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

For the reasons the follow, the court hereby grants the government's motion for summary judgment. Accordingly, an evidentiary hearing is unnecessary.

PROCEDURAL HISTORY

In December 2009, the defendant pled guilty to drug conspiracy charges involving

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

1

conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base or crack, and a quantity of marijuana. He also pled guilty to improper re-entry into the United States by an alien. In his plea agreement, the defendant stipulated that he was accountable for at least 15 kilograms of cocaine but less than 50 kilograms or more of cocaine, which resulted in a base offense level of 34.

The Presentence Report (PSR), which was adopted by this court, indicated that the defendant faced a mandatory minimum term of imprisonment of 10 years as to the conspiracy charge involved cocaine, cocaine base, and marijuana. He was held accountable, without objection, for 25.2 kilograms of cocaine and 1.36 kilograms of marijuana. His guidelines were determined to be 34 plus 2 levels for dangerous weapons (firearms) for an amended offense level of 36. He received a 3-level reduction for acceptance of responsibility which brought his offense level down to 33. With a criminal history category of I, the offense level of 33 produced a guidelines range of 135 to 168 months imprisonment. There was no sentencing disparity between cocaine and crack cocaine because the defendant's drug calculations were based on cocaine and marijuana amounts.

At his sentencing hearing on July 19, 2010, the court denied the defendant's motion for a variance and imposed a sentence of 135 months imprisonment. The defendant was also sentenced to 24 months on the immigration charge, to run concurrently with the drug conspiracy sentence of 135 months.

The defendant filed an appeal of his sentence. However, the Fourth Circuit Court of Appeals found the court's sentence to be substantively reasonable and denied the defendant's

appeal.

STANDARDS OF LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

*Summary Judgment*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir.1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement

is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

*Statute of Limitations*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action. It appears that the defendant's motion is timely.

DISCUSSION

The defendant first contends that this court was without jurisdiction to hear his case. This claim is wholly without merit. 21 U.S.C. §§ 841, 846, 8 U.S.C. §§ 3525(a)(1), (2).

The defendant also contends that it is "cruel and unusual punishment" to not apply the Fair Sentencing Act of 2010 to his case. This argument is without merit as well.

4

The Fair Sentencing Act was enacted on August 3, 2010 and statutorily changed the threshold quantities of crack cocaine that trigger mandatory minimum sentences under 21 U.S.C. § 841(b). In the recent Supreme Court case of *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321 (June 21, 2012), the Court ruled that the Fair Sentencing Act (FSA) does not apply to those defendants sentenced prior its enactment on August 3, 2010. Further, the Fourth Circuit Court of Appeals found in *United States v. Mouzone*, 687 F.3d 207 (4th Cir. 2012) that the FSA applies retroactively only to offenders whose crimes preceded the August 3, 2010, but who were sentenced after that date.

Here, the defendant was sentenced on July 19, 2010. Although he was sentenced several weeks before the FSA took effect, he was sentenced using a 1 to 1 ratio so that there was no disparity between the crack and cocaine amounts to which he pled and stipulated to. The FSA contemplates a higher ratio of 18 to 1. Moreover, the defendant's sentence was based on cocaine and marijuana weights, not crack cocaine. The statutory mandatory minimums and maximums for powder cocaine were not altered by the FSA.

The defendant's responses to the government's motion are unpersuasive and duplicitous of his original § 2255 motion.

CONCLUSION

For all the foregoing reasons, the court concludes that the defendant's § 2255 motion is without merit. Accordingly, the government's motion for summary judgment (ECF No. 843) is granted. The defendant's motion for an order denying summary judgment (ECF No. 853) is denied.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 18, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).